IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEO DILLON <br> (BOP Registration No. 11700-028), <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 3:17-CV-989-K <br> (3:13-CR-295-K-(5)) |

## MEMORANDUM OPINION AND ORDER

After Leo Dillon pleaded guilty to a drug charge—and agreed to forfeit his interest in certain property related to his crime—the Court entered a final judgment as to Dillon's rights with respect to the forfeited property. A third party later claimed an interest in a portion of the property that Dillon had forfeited, so the Court entered a final order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(c)(2). Dillon now moves to reopen the Court's forfeiture proceedings, claiming that he was not provided notice that the government sought a final order of forfeiture. Because Dillon lacks standing to make such a request, the Court **DENIES** Dillon's motion to reopen as follows.

**Background**

The government indicted Dillon on numerous gun and drug charges. *See United States v. Dillon*, No. 3:13-cr-295-K (5) (N.D. Tex.), Dkt. No. 1016. The indictment

1

included a forfeiture notice. *See id.* at 11 (identifying the subject property as "$10,000 seized on August 15, 2013, from [Dillon's] residence," "$9,005.00 seized on August 26, 2013, from [Dillon's] truck," and a "Springfield Armory .45 caliber handgun").

Dillon ultimately pleaded guilty to a single count of conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana. *See United States v. Dillon*, No. 3:13-cr-295-K (5) (N.D. Tex.), Dkt. No. 1177. In his plea agreement, Dillon expressly agreed to forfeit the $19,005 and the handgun. *See United States v. Dillon*, No. 3:13-cr-295-K (5) (N.D. Tex.), Dkt. No. 1092 at 4. Before sentencing, the Court entered a preliminary order of forfeiture, extinguishing Dillon's rights in the forfeited property. *See United States v. Dillon*, No. 3:13-cr-295-K (5) (N.D. Tex.), Dkt. No. 1173. And, in Dillon's criminal judgment, the Court expressly stated that the money and the handgun were forfeited to the United States. *See United States v. Dillon*, No. 3:13-cr-295-K (5) (N.D. Tex.), Dkt. No. 1177 at 6.

In his unsuccessful direct appeal, Dillon did not challenge any aspect of the Court's forfeiture order. *See United States v. Dillon*, No. 16-10429 (5th Cir.), Dkt. No. 36.

After this Court entered judgment, a third party filed a motion to adjudicate her interest in some of the money that Dillon had forfeited. *See United States v. Dillon*, No. 3:13-cr-295-K (5) (N.D. Tex.), Dkt. No. 1202. The government and the third party later settled her claim, and she withdrew her motion. *See United States v. Dillon*, No.

3:13-cr-295-K (5) (N.D. Tex.), Dkt. No. 1220. The government then moved the Court for a final order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(c)(2). *See United States v. Dillon*, No. 3:13-cr-295-K (5) (N.D. Tex.), Dkt. No. 1294. The Court entered a final order of forfeiture on June 8, 2017. *See United States v. Dillon*, No. 3:13-cr-295-K (5) (N.D. Tex.), Dkt. No. 1295.

More than two months later, Dillon filed this *pro se* motion to "re-open the forfeiture . . . that was granted [on] 6/8/2018 due to [his] lack of notice" of the proceeding. *See United States v. Dillon*, No. 3:13-cr-295-K (5) (N.D. Tex.), Dkt. No. 1319; *see also* Dkt. No. 9. He claims that he was unaware that the government had moved for a final order of forfeiture and thus had no time to respond to the government's motion.

**Law and Analysis**

"A preliminary order of forfeiture is a final judgment as to the rights of a defendant to forfeited property." *United States v. De Los Santos*, 260 F.3d 446, 448 (5th Cir. 2001). When a district court enters a preliminary order of forfeiture against the defendant, it does so "without regard to any third party's interest in the property." *See* Fed. R. Crim. P. 32.2(b)(2)(A). The district court defers any determination as to whether a third party has such an interest until the third party "files a claim in an ancillary proceeding under Rule 32.2(c);" thus, a preliminary order of forfeiture "remains preliminary as to third parties until the ancillary proceeding is concluded."

*See* Fed. R. Crim. P. 32.2(b)(4)(A). But with respect to the defendant—as opposed to third party claimants—a preliminary forfeiture order becomes final and appealable at sentencing. *See* Fed. R. Crim. P. 32.2(b)(4)(A).

After the district court enters the preliminary order of forfeiture against the defendant, if "a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding." *See* Fed. R. Crim. P. 32.2(1); *see also, e.g., United States v. Prat*, 584 F. App'x 921, 925 (11th Cir. 2014) (discussing ancillary proceedings under Rule 32.2(c)). "When the ancillary proceeding ends, the court must enter a final order of forfeiture." Fed. R. Crim. P. 32.2(2). "A final order of forfeiture determines the rights of third parties with respect to property a defendant has forfeited." *De Los Santos*, 260 F.3d at 448.

In this case, the Court's preliminary order of forfeiture determined Dillon's rights in the property, and it became final as to Dillon at his sentencing. *See* Fed. R. Crim. P. 32.2(b)(4)(A). He could challenge that order, if at all, in his direct appeal from his criminal judgment. *See id.*

The Court later entered a final order of forfeiture—under Rule 32.2(c)—because a third party had asserted some interest the property that Dillon had forfeited. But Dillon no longer had any interest in the forfeited property, so he lacked any standing to participate in the third party's later proceeding against a portion of that property. *See, e.g., United States v. Christunas*, 126 F.3d 765, 769 ("It is well-established that the

defendant has no standing to assert his wife's (third-party) rights" in a forfeiture proceeding."); *see also* Fed. R. Crim. P. 32.2 advisory committee's note ("As courts have held, because the ancillary hearing has no bearing on the defendant's right to the property, the defendant has no right to appeal when a final order is, or is not, amended to recognize third party rights.").

It follows, of course, that Dillon has no standing now to ask the Court to "re-open" the final order of forfeiture—which did not implicate Dillon's rights to the forfeited property—on the ground that he did not receive adequate notice of it. *See United States v. Flanders*, 752 F.3d 1317, 1343 (11th Cir. 2014) ("Because the final order of forfeiture has no bearing on the defendant's rights, the defendant has no right to appeal that order"). And because Dillon lacks standing, the Court has no jurisdiction over his request. *See, e.g.*, *United States v. Stone*, 435 F. App'x 320, 322 (5th Cir. 2011) (dismissing an appeal for want of jurisdiction "[b]ecause the final order of forfeiture did not implicate [the defendant's] rights to the forfeited property, [thus] he lacks standing to appeal that order.").

**Conclusion**

For the foregoing reasons, Dillon's motion to reopen the final order of forfeiture is **DENIED WITH PREJUDICE**.

**SO ORDERED.**

Signed August 9th, 2018.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE