IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEO DILLON, | ) | |
| Movant, | ) | |
| | ) | No. 3:17-CV-989-K |
| v. | ) | No. 3:13-CR-295-K-5 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, received on April 7, 2017 (*See* 3:17-CV-989-K, doc. 2). Based on the relevant findings and applicable law, the motion is **DENIED** with prejudice.

## I.    BACKGROUND

Leo Dillon (Movant) challenges his federal conviction and sentence in Cause No. 3:13-CR-295-K-5. The respondent is the United States of America (Government).

On August 6, 2013, Movant was charged by indictment with conspiracy to possess with the intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). (*See* 3:13-CR-295-K-5, doc. 1.) On October 2, 2013, he was charged with the same offense in a superseding indictment. (*See id.*, doc. 227.)

Movant was charged on May 6, 2015 in a second superseding indictment with the following: (1) conspiracy to possess with the intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (count one); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count two); (3) using a communication facility to facilitate a drug felony in violation of 21 U.S.C. § 843(b) (counts three, five, seven, and eight); and (4) possession with the intent to distribute 100 kilograms or more of marijuana and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (counts four and six).  (*See id.*, doc. 1016.)  Finally, on September 25, 2015, he was charged in a superseding information with conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  (*See id.*, doc. 1089.)

In a factual resume, Movant agreed that the conspiracy involved 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, and that he committed the essential elements of the drug conspiracy.  (*See id.*, doc. 1093 at 3.)  He further agreed that the factual resume was intended to demonstrate that a factual basis existed to support his guilty plea to the superseding information.  (*See id.*, doc. 1093 at 3.)

In the plea agreement, Movant agreed that the Court could impose a term of imprisonment for a period not less than 5 years nor more than 40 years.  (*See id.*, doc.

1092 at 2.)  He further agreed not to make a claim for assets or any interest in, contest, challenge, or appeal the administrative or judicial (civil or criminal) forfeiture of property to the United States, including: (a) $19,005.00 in U.S. currency; and (b) a Springfield Armory .45 caliber handgun.  (*See id.*, doc. 1092 at 4.)  He reserved the right to bring a direct appeal (of a sentence exceeding the statutory maximum punishment, or an arithmetic error at sentencing); a challenge to the voluntariness of his plea of guilty or the waiver; and to bring a claim of ineffective assistance of counsel. (*See id.*, doc. 1092 at 6.)

On January 13, 2016, the United States Probation Office (USPO) filed a Presentence Report (PSR) in which it applied the November 1, 2015 United States Sentencing Guidelines Manual (USSG).  (*See id.*, doc. 1145-1, ¶ 38.)  USPO found that Movant was accountable for 1,000 pounds or 453.6 kilograms of marijuana.  (*See id.*, doc. 1145-1, ¶ 31.)  His base offense level, adjusted offense level, and total offense level were calculated at 26 because he was accountable for 453.6 kilograms of marijuana, and there were no other adjustments.  (*See id.*, doc. 1145-1, ¶¶ 39, 44, 47.) Based on a criminal history category of I and a total offense level of 26, his guideline imprisonment range was 63 to 78 months' imprisonment.  (*See id.*, doc. 1145-1, ¶ 82.) His statutory minimum term of imprisonment was 5 years, and his maximum term of imprisonment was 40 years.  (*See id.*, doc. 1145-1, ¶ 81.)

Defense counsel objected to several factual assertions and a characterization made in the PSR, but he made only one objection affecting the guidelines. (*See id.*, doc. 1148.) Specifically, he objected to the determined drug amount on which the base offense level was calculated. (*See id.*, doc. 1148 at 3.) The Government made no specific objections to the PSR. (*See id.*, doc. 1154.) On March 16, 2016, USPO filed an addendum addressing Movant's nine objections to the PSR. (*See id.*, doc. 1158-1.) Movant responded by filing objections to the addendum. (*See id.*, doc. 1175.)

Movant's sentencing was held on April 6, 2016, and at that time, the Court overruled his objections to the PSR. (*See id.*, doc. 1187 at 52.) At sentencing, the Court asked Movant about the representation he had received:

The Court: So you've been satisfied with the quality of your lawyer?

[Dillon]: Yes.

The Court: Okay. So if you don't get the perfect sentence, I'm not going to get a letter from you complaining about that, are you?

[Dillon]: No, you're not going to get a letter complaining about him.

(*See id.*, doc. 1187 at 43-44.)

Movant was ultimately sentenced to 60 months' imprisonment, four years of supervised release, and ordered to pay a $100 assessment. (*See id.*, doc. 1177.) He also forfeited currency and a handgun. (*See id.*, doc. 1177 at 6.) After his sentence was imposed, he expressed displeasure with the sentence he received. (*See id.*, doc. 1187 at 55-56.)

4

Movant appealed, and the Fifth Circuit Court of Appeals dismissed the appeal. (*See id.*, docs. 1179, 1227.)  On April 7, 2017, his § 2255 motion was received.  (*See* 3:17-CV-989-K, doc. 2.)  The Government filed a response on June 15, 2017.  (*See id.*, doc. 5.)  Movant was released from incarceration on February 26, 2018, and he did not file a reply.  *See* https://www.bop.gov/inmateloc/ (last visited Mar. 17, 2020).

In his § 2255 motion, Movant raises the following claims:  (1) The prosecutor engaged in prosecutorial misconduct when (a) she provided false information to the Court regarding Movant, (b) she responded to the order to provide discovery by superseding the indictment, (c) she put a freeze on funds and property that she knew were not tied to criminal activity; (2) his attorney provided ineffective assistance when he (a) failed to object to Movant's assets being frozen,  (b) failed to obtain chain of custody information about the drug seizure at his residence, (c) failed to properly investigate his case or prepare a defense for trial, (d) failed to file a motion to dismiss, (e) failed to interview the Government's witnesses, (f) failed to object to the calculation of the base offense level, (g) failed to argue against an unwarranted sentencing disparity between Movant and his co-defendants that were equally or more culpable, and (h) failed to conduct any adversarial testing of the Government's version of the facts of the case; and (3) his appellate counsel provided ineffective assistance when he drafted a "poorly written brief" before the Fifth Circuit.  (*See* 3:17-CV-989-K, doc. 2.)

## II.    SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.    PROSECUTORIAL MISCONDUCT

In his first claim, Movant argues that the prosecutor provided materially false statements to

the Court in a petition to revoke his pretrial release.  (*See* 3:17-CV-989-K, doc. 2 at 14-15.)  According to him, these statements were highly prejudicial and prevented him from fighting his case.  (*See id.*, doc. 2 at 15.)  He argues in his second claim that the Court ordered the Government to turn over all pretrial discovery by May 6, 2015, and in response, it superseded his indictment out of vindictiveness.  (*See id.*, doc. 2 at 15.)  Finally, in his third claim, he argues that the Government put a pretrial "freeze" on funds and property that it knew did not have ties to criminal activity.  (*See id.*, doc. 2 at 15.)

Once Movant voluntarily and knowingly pled guilty, he waived all claims of prosecutorial misconduct occurring prior to the plea, except for those relating to the voluntariness of his plea.  *See United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019) ("A voluntary guilty plea waives all nonjurisdictional defects in the proceeding against the defendant.") (quoting *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000)); *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008) ("It is well settled that '[w]hen a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings.") (quoting *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007)); *Smith v. Estelle*,

711 F.2d 677, 682 (5th Cir. 1983) ("[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived.") (citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)).  In *Tollett v. Henderson*, 411 U.S. 258 (1973), the Supreme Court held:

> "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Id.* at 267.

In this case, Movant does not allege that his guilty plea was not knowing and voluntary.  (*See* 3:17-CV-989-K, doc. 2.)  Consequently, his three pre-plea prosecutorial misconduct claims are waived because they do not relate to the voluntariness of his plea.  *See Palacios*, 928 F.3d at 455.

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

Movant alleges that he received ineffective assistance of counsel.  (*See* 3:17-CV-989-K, doc. 2 at 15-19.)  The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the

8

petitioner must demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland,* 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor,* 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, a petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her

sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

## A.    Frozen Assets

In his fourth claim, Movant argues that his attorney provided ineffective assistance by failing to object to the unlawful "freez[ing]" of his assets. (*See* 3:17-CV-989-K, doc. 2 at 15-16.) He argues that his attorney realized it was not in his best interest for him to have his property returned because he would terminate his attorney due to displeasure with his services. (*See id.*, doc. 2 at 16.) He concludes that he was ultimately prejudiced because he was forced to remain with "shoddy representation" in his criminal proceeding. (*See id.*, doc. 2 at 16.)

When a federal prisoner asserts an ineffective assistance of counsel claim pursuant to 28 U.S.C. § 2255, he must

> satisfy *Strickland's* prejudice requirement by showing **harm that relates to his custody**. That is, if counsel's constitutionally insufficient

10

assistance affected the trial court's guilt determination or the sentencer's imposition of a prison term, a prisoner's ineffective assistance of counsel claim falls within the scope of § 2255[.]

*United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994) (emphasis added). Claims that are cognizable under § 2255 are limited to claims addressing unlawful custody. *United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999).

In this case, Movant's claim fails because it does not involve the lawfulness of his custody. His claim is therefore not cognizable under § 2255. Movant asserts that his attorney knew he had legitimate earned income, (*see* 3:17-CV-989-K, doc. 2 at 16), but this bare allegation does not constitute a statement of fact. Moreover, although he summarily argues that he was prejudiced because he was forced to remain with his court-appointed counsel, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). Consequently, Movant's fourth claim fails.

## B.    Failure to Investigate

In his fifth claim, Movant argues that his attorney provided negligent representation by failing to acquire a basic chain of custody regarding the drug evidence at issue in his case. (*See* 3:17-CV-989-K, doc. 2 at 16.) Further, he contends that his attorney allowed him to enter into a plea agreement stipulating to the drugs found at his residence without confirming that the substances tested positive for what the

Government said they were.  (*See id.*, doc. 2 at 16.)  Finally, he concludes that his conviction "may" be tainted, and if so, it would have been disclosed sooner if not for the inadequate representation provided by his attorney.  (*See id.*, doc. 2 at 16.)

Movant argues in his sixth claim that his attorney breached the standard duty of care by failing to investigate his case or prepare a defense for trial.  (*See id.*, doc. 2 at 16.)  He further argues that he lacked faith in his attorney's ability to defend him and saw pursuit of a plea agreement as his only option.  (*See id.*, doc. 2 a 16.)  He contends that his attorney erred by failing to: (1) conduct fingerprint analysis on the plastic bags and garbage bags allegedly belonging to Movant, (2) request a voice analysis of phone calls allegedly between Movant and his co-conspirators, and (3) challenge the admissibility of the evidence obtained from electronic tracking surveillance.  (*See id.*, doc. 2 at 16-17.)  Movant concludes that the failure to challenge the use of the tracking devices without a warrant was highly prejudicial to him because it established a credible link between him, and the marijuana seized.  (*See id.*, doc. 2 at 17.)

In his seventh claim, Movant argues that his attorney breached his duty by failing to file a motion to dismiss.  (*See id.*, doc. 2 at 17.)  He contends that dismissal was reasonable under the circumstances based on the lack of evidence linking him to the conspiracy.  (*See id.*, doc. 2 at 17.)  He concludes that if a motion for dismiss had been filed, "the outcome of the proceeding may have been different."  (*See id.*, doc. 2 at 17.)  He further argues that his attorney erred by failing to interview or discredit any

of the Government's witnesses.  (*See id.*, doc. 2 at 18.)  He concludes that his attorney's failures were prejudicial because the outcome of the proceeding "may" have been different.  (*See id.*, doc. 2 at 18.)

Movant argues in his eleventh claim that his attorney accepted the Government's version of the facts of the case without conducting any adversarial testing.  (*See id.*, doc. 2 at 19.)  He contends that he was prejudiced because he received representation in name only, and his attorney's firm was compensated for services never rendered.  (*See id.*, doc. 2 at 19.)

In the Fifth Circuit, the standard addressing an attorney's duty to investigate provides:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Newbury v. Stephens*, 756 F.3d 850, 873 (5th Cir. 2014) (alteration in original) (quoting *Strickland*, 466 U.S. at 690-91).

"A [movant] who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would

13

have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Rodriguez*, 53 F.3d 1439, 1449 (7th Cir. 1995) ("[A] defendant has a burden of supplying sufficiently precise information of the evidence that would have been obtained had his counsel undertaken the desired investigation, and of showing whether such information . . . would have produced a different result.") (quotation marks omitted). To demonstrate prejudice, a defendant must point to evidence that would have been produced through a more thorough investigation. *See United States v. Lewis*, 786 F.2d 1278, 1283 (5th Cir. 1986).

In this case, Movant makes the conclusory assertion that his attorney did not verify that the drug evidence seized by law enforcement was marijuana, as the Government alleged. (*See* 3:17-CV-989-K, doc. 2 at 16.) Even if this assertion were true, he fails to make a showing that the drug evidence seized did not support a finding that the drug conspiracy involved 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, as he admitted in open Court at his Rule 11 hearing, in his factual basis, and in his plea agreement. (*See* 3:13-CR-295-K, doc. 1093 at 1-3; doc. 1092 at 1; doc. 1097 at 1.) Moreover, to the extent that there was a break in the chain of custody, "[a]ny break in the chain of custody goes to the weight of the evidence, not its admissibility." *United States v. Smith*, 481 F.3d 259, 265 (5th Cir. 2007). Movant has therefore failed to demonstrate prejudice under *Strickland*.

Movant summarily argues that his attorney should have conducted fingerprint and voice analysis. (*See* 3:17-CV-989-K, doc. 2 at 16.) However, he has failed to demonstrate with the requisite specificity what this evidence would have demonstrated and how it would have been advantageous to his case. He argues that his attorney failed to subject the Government's case to adversarial testing, (*see id.,* doc. 2 at 19), but this argument is belied by the record. Movant's counsel filed numerous filings, including a motion to suppress, motion for change of venue, and nine objections to the PSR. (*See* 3:13-CR-295-K-5, docs. 912-915, 934, 961, 998-999, 1047, 1126, 1158-1 at 1.) Additionally, at sentencing, the Court specifically commented on the zealous representation provided by defense counsel:

> Let me say this. You have fought like crazy for Mr. Dillon. I would like that to be on the record. You have pushed the envelope. And you ought to be proud—he ought to be proud having you do that for him. And, you know, he's not anybody that you knew prior to this. And, you know, I appointed you to take care of him, and you've done a fabulous job, pushing as hard as you can.

(*See id.*, doc. 1187 at 35.)

Movant summarily contends that his attorney should have challenged the admissibility of the electronic tracking device, which allegedly tracked him to Red Bank Road on May 10, 2013, because it was an illegal tracking device. (*See* 3:17-CV-989-K, doc. 2 at 17.) He makes the bare allegation that the tracking device used to track him was unauthorized and therefore should have been challenged by his attorney. (*See id.*,

doc. 2 at 17.)    However, Movant has cited to no facts or evidence of record demonstrating that the electronic tracking device was "illegal."    Accordingly, this argument must fail.  *See Rainey v. United States*, Nos. 4:14-CV-980-A, 4:11-CR-180-A, 2015 WL 252876, at *4 (N.D. Tex. Jan. 20, 2015) ("Section 2255 relief cannot be granted on pure speculation.").

Movant also contends that his attorney should have filed a motion to dismiss based on lack of evidence demonstrating his involvement in the conspiracy.  (*See* 3:17-CV-989-K, doc. 2 at 17.)  This argument must fail because "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for a trial of the charge on the merits."  *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)).  Counsel cannot be faulted for failing to file a meritless motion.  *See Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002).

## C.  Sentencing Objections

Movant argues in his eighth claim that at sentencing, his attorney erred by failing to object to his base offense level.  (*See* 3:17-CV-989-K, doc. 2 at 18.)  According to him, his attorney agreed to Movant being held accountable for 1,000 pounds of marijuana, yet he should have been held accountable for 200 pounds, at the most.  (*See*

16

*id.*, doc. 2 at 18.)  He concludes that if he was held accountable for the proper amount of marijuana, his sentence would have been far less than that imposed.  (*See id.*, doc. 2 at 18.)

Movant's argument is premised on a factual error because his attorney did object to the base offense level in the PSR.  Specifically, his attorney argued that the drug weight on which the base offense level was based "[was] not supported by the evidence."  (*See* 3:13-CR-295-K-5, doc. 1148 at 3.)  This argument was renewed by defense counsel at sentencing.  (*See id.*, doc. 1187 at 5-6.)  The Court ultimately overruled the objection, (*see id.*, doc. 1187 at 52), but counsel cannot be blamed for being unsuccessful. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) ("The fact that trial counsel was unsuccessful in his efforts does not constitute, in light of the entire record, a basis for habeas corpus relief.").

In his ninth claim, Movant argues that at sentencing, his attorney failed to argue against unwarranted sentencing disparity between his sentence and his co-defendants who received lighter sentences.  (*See* 3:17-CV-989-K, doc. 2 at 18.)  He argues that this error was prejudicial because it constituted the omission of critical mitigating factors from consideration.  (*See id.*, doc. 2 at 18.)

A sentencing court must consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6); *United States v. Waguespack*, 935 F.3d 322, 337 (5th

Cir. 2019); *United States v. Garcia*, 789 F. App'x 410, 413 (5th Cir. 2019) (per curiam).

The defendants must be similarly situated in "all relevant respects." *United States v.*

*Martinez*, 739 F. App'x 245, 247 (5th Cir. 2018) (mem.); *see United States v. Robinson*,

620 F. App'x 234, 235 (5th Cir. 2015) (per curiam) ("[Defendant] has not established

that his sentence was disparate from the sentences of similarly situated defendants. He

points to no <u>nationwide</u> statistics.") (emphasis added)).  When a sentence falls within

the guidelines range, "the unwarranted-disparity factor is not afforded significant

weight." *Waguespack*, 935 F.3d at 337 (quoting *Martinez*, 739 F. App'x at 247); *accord*

*United States v. Diaz*, 637 F.3d 592, 604 (5th Cir. 2011).

 In this case, even if Movant's attorney failed to argue against sentencing

disparities between Movant and his co-defendants, Movant has failed to allege deficient

performance under *Strickland*.  There is no indication from the text of 18 U.S.C. §

3553(a)(6) that it applies specifically to the consideration of disparity among co-

defendants.  Moreover, the Fifth Circuit Court of Appeals has interpreted the §

3553(a)(6) disparity factor to involve the issue of "the need to avoid disparity among

similarly-situated defendants nationwide rather than disparity with" a co-defendant.

18

*United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006). Finally, there is a presumption that a sentence is reasonable when, as in this case, the court imposes a sentence below the guidelines range. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (recognizing that there is a rebuttable presumption that a properly calculated, within-guidelines sentence is reasonable). In sum, Movant has failed to show he received ineffective assistance, and ultimately, that he is entitled to § 2255 relief on this claim.

## D.  Appellate Counsel

Finally, in his tenth claim, Movant argues that his attorney provided deficient performance on appeal. (*See* 3:17-CV-989-K, doc. 2 at 18-19.) Specifically, he contends that his attorney submitted a poorly written brief, which failed to address Movant's ineffective assistance of counsel or prosecutorial misconduct claims. (*See id.*, doc. 2 at 18-19.) He concludes that appellate counsel's deficient performance was the proximate cause of both prejudice and injury. (*See id.*, doc. 2 at 19.)

"Persons convicted of a crime are entitled to effective assistance of counsel in their first appeal of right." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998) (citing *Evitts*, 469 U.S. at 387); *see United States v. Polanco*, No. C-10-54, 2010 WL 5186777, at *4 n.3 (S.D. Tex. Dec. 15, 2010) ("A criminal defendant is entitled to

effective assistance of counsel on appeal, as well as at trial."). An appellate attorney's performance is judged under the two-pronged *Strickland* standard. *Green*, 160 F.3d at 1043 (citing *Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998)). Appellate counsel need not raise every nonfrivolous issue on appeal. *Evitts*, 469 U.S. at 394. Rather, counsel must point to "[s]olid, meritorious arguments based on directly controlling precedent[.]" *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999).

In this case, Movant argues that he received ineffective assistance from appellate counsel but claims of ineffective assistance of counsel will generally not be reviewed on direct appeal unless the trial court has first addressed them. *See United States v. Scott*, 159 F.3d 916, 924 (5th Cir. 1998) (citing *United States v. Rosalez-Orozco*, 8 F.3d 198, 199 (5th Cir. 1993)). However, appellate counsel could have argued that Movant was subjected to prosecutorial misconduct. *See United States v. Alanis*, 88 F. App'x 15, 22-23 (5th Cir. 2004) (per curiam) (recognizing that prosecutorial misconduct claims are subject to procedural default if not raised before the trial court or on appeal).

Movant raises three prosecutorial misconduct claims, and the Court will address each in turn. In his first prosecutorial misconduct claim, he alleges that the prosecutor provided false information to the Court regarding him. (*See* 3:17-CV-989-K, doc. 2 at 14-15.) Specifically, he argues that the prosecutor made allegations in a motion to revoke his pretrial release that were untrue. (*See id.*, doc. 2 at 14.) This argument is without merit because whether his pretrial release was revoked is unrelated to the

charge he pled guilty to and the sentence he is now serving.  He has therefore failed to demonstrate prejudice under *Strickland*.

Movant alleges in his second prosecutorial misconduct claim that the prosecutor responded to the order to provide discovery by superseding the indictment and that "prejudice is presumed" because these firearms charges were later dismissed.  (*See* 3:13-CR-295-K-5, doc. 15)  Movant is mistaken.  The firearm charge, count two of the second superseding indictment, was dismissed pursuant to a plea agreement between Movant and the Government.  (*See id.*, doc. 1092 at 5; doc. 1016 at 3.)  Consequently, he has failed to show prejudice in being charged in the superseding indictment, which was dismissed as part of a favorable plea agreement.

Finally, in his third prosecutorial misconduct claim, Movant alleges that the prosecutor put a "freeze" on funds and property that she knew were not tied to criminal activity, which prevented him from hiring counsel of his choosing.  (*See* 3:17-CV-989-K, doc. 2 at 15.)  He fails to state what funds or property were frozen that prevented him hiring retained counsel of his choosing.  (*See id.*, doc. 2 at 15.)  He also fails to demonstrate prejudice when court-appointed counsel negotiated a favorable plea, and he received the mandatory minimum sentence.  (*See* 3:13-CR-295-K-5, doc. 11.)  Accordingly, this claim fails.

## V.  EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  A movant is entitled to an evidentiary hearing on his § 2255 motion only if he presents "independent indicia of the likely merit of [his] allegations." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n.2 (5th Cir. 1983); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue"); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

In this case, Movant has not requested an evidentiary hearing.  (*See* 3:17-CV-989-K, doc. 2.) Moreover, even if he had, he does not meet the requirements for one because it is clear from the record that he is not entitled to relief on his § 2255 motion. Therefore, Movant will not be afforded an evidentiary hearing.

## VI. CONCLUSION

Considering the foregoing, Movant's motion to vacate, set aside, or correct sentence under to 28 U.S.C. § 2255 is **DENIED** with prejudice.

SO ORDERED.

Signed March 25th, 2020.


_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE